```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


T & T MARINE WORLD, INC. ET AL.              CIVIL ACTION

VERSUS                                       NO. 06-9245

NEW HAMPSHIRE INSURANCE COMPANY              SECTION B(5)
```

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED**.

### *BACKGROUND*

On August 25, 2006 Plaintiffs filed a Petition in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana against Defendant New Hampshire Insurance Company ("New Hampshire"). Service of process was effected on the Louisiana Secretary of State on September 26, 2006 and subsequently effected on Corporation Service Company, New Hampshire's contracted agent of service on September 28, 2006. Defendant filed a Notice of Removal on October 31, 2007 asserting federal jurisdiction under 28 U.S.C. § 1332.

Plaintiffs contend Defendant's removal was procedurally defective as the notice of removal was filed more than thirty (30) days after service of process was effected on Defendant's

1

registered agent.  Plaintiffs move the Court to remand.

Defendant contends the initial pleading was not removable because Plaintiffs incorrectly alleged Defendant New Hampshire is a domestic corporation doing business in the state of Louisiana. Defendant argues that the removal period did not begin to run until Defendant discerned Defendant's true domicile and, therefore, removal was filed timely pursuant to 28 U.S.C. § 1446(b).

### ***DISCUSSION***

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after te receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in a court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendant relies heavily on *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992).  In *Chapman*, the petition revealed that complete diversity of citizenship between the parties existed. *Id*.

at 160. However, the petition did not specify the amount of damages sought. *Id.* Defendant filed a notice of removal more than thirty days after receipt of service but less than thirty days after receiving answers for interrogatories in which Plaintiff stated the damages sustained were in excess of $800,000.00. *Id.* Plaintiff argued that Defendant's due diligence would have revealed the amount in controversy. *Id.* at 162. The Fifth Circuit held that Defendant's removal was timely and stated that the thirty day removal period "starts to run from defendant's receipt of initial pleadings only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. at 163. The Fifth Circuit adopted this rule to promote judicial efficiency "by not requiring courts to inquire into what a particular defendant may or may not know." *Id*.

Defendant argues that this matter is analogous to *Chapman* in that the initial pleading did not affirmatively reveal that the case was removable. However, the initial pleading was not removable solely because Plaintiff erroneously stated Defendant's citizenship. The Court would be hard pressed to believe that Defendant was not aware of its own citizenship until the expiration of the removal period. Furthermore, the Court interprets the holding in *Chapman* as a narrow rule applicable to cases in which the amount of controversy is at issue.

Moreover, the Court notes Defendant incorrectly stated that the notice of removal was filed within thirty (30) days of Defendant's receipt of actual notice instead of stating the notice was filed within thirty (30) days after ascertaining removability.[1] Considering the foregoing, the Court finds Defendant failed to timely file a notice of removal.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 22nd day of January, 2007.

                                     _____
                                     UNITED STATES DISTRICT JUDGE

---

[1] Defendant's Notice of Removal, ¶ 4.